**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X

| | |
|---|---|
| **JOHN HAJJAR, M.D., an individual, SOVEREIGN MEDICAL SERVICES, INC., and SOVEREIGN CAPITAL HOLDINGS, LLC,** : : : : : | |
| Petitioners,   : | CASE NO.  1:21-mc-511 |
| -against-   : | PETITION |
| **BARTON L. SCHACK, an individual,**   : | |
| Respondent.   : | |

---------------------------------X

## PETITION TO ENFORCE ARBITRATION SUBPOENA

Petitioners, John Hajjar, M.D. ("Dr. Hajjar"), Sovereign Medical Services, Inc. ("SMS" or "the Company"), and Sovereign Capital Holdings, LLC ("SCH") (collectively "Petitioners"), by and through their undersigned attorneys, hereby petition this Court and respectfully request that it enforce a properly issued arbitration subpoena served upon Respondent, Barton L. Schack ("Respondent" or "Schack"), and in support thereof alleges as follows:

### INTRODUCTION

Petitioners served a lawfully-executed arbitral subpoena on Respondent in connection with a pending arbitration that is set to proceed on July13, 2021.  Respondent is believed to have relevant and material information and documents that will assist Petitioners in defending against a claim, and in prosecuting their counterclaims, in the arbitration.  Respondent refuses to comply with the subpoena despite good faith efforts by Petitioners to obtain compliance.  Petitioners are compelled to bring this action to enforce the Subpoena and compel Respondent's compliance with same.

**PARTIES**

1. Petitioner, John Hajjar, M.D., is an individual who resides in Glen Rock, New Jersey, and is a citizen of the State of New Jersey. Dr. Hajjar is the founder of Sovereign Medical Services, Inc. d/b/a Sovereign Health System, a multi-specialty community healthcare system based in Glen Rock, New Jersey.

2. Petitioner, Sovereign Medical Services, Inc., is a New Jersey corporation with its principal place of business in Glen Rock, New Jersey.

3. Petitioner, Sovereign Capital Holdings, LLC, is a Delaware limited liability company with its principal place of business in Glen Rock, New Jersey.

4. Upon information and belief, Respondent, Barton L. Schack, is an individual who resides in Ringwood, New Jersey. Upon information and belief, Respondent is a citizen of the State of New Jersey.

**JURISDICTION AND VENUE**

5. Pursuant to 9 U.S.C. § 202, this action falls under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards. The underlying arbitration is mandated by a commercial agreement by and between Petitioners, all of whom are citizens of the United States, and Shanghai Fosun Pharmaceutical Group Co., Ltd. ("Fosun"), a company formed under the laws of the People's Republic of China, all of whom are parties to the arbitration.

6. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking to compel attendance of a witness at an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards.

7. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the underlying arbitration and the arbitrator duly selected by the parties thereto are seated in this district.

## FACTS

8. Petitioners are parties to an ongoing arbitration proceeding with Fosun. *See Shanghai Fosun Pharmaceutical Group Co., Ltd. v Dr. John Hajjar, M.D., et al.*, Case No. 01-19-0000-6514 (AAA 2019) (the "Arbitration"). The Arbitration proceedings are pending before the parties' duly selected arbitrator, the Hon. Garrett Brown, retired U.S. District Court Judge for the District of New Jersey (the "Arbitrator"), who is conducting an arbitration hearing seated at the American Arbitration Association's office at 120 Broadway, Floor 21, New York, New York 10271.

9. The Arbitration is mandated by an arbitration provision in a valid and enforceable commercial agreement by and between Petitioners, all of whom are citizens of the United States, and Fosun, a foreign company formed under the laws of the People's Republic of China with its principal place of business in Shanghai, China (the "Arbitration Agreement").

10. Petitioners recently became aware of certain information and events involving Respondent that prompted their request to the Arbitrator for a trial subpoena for testimony and production of documents held by Respondent, a previously unknown non-party.

11. On June 15, 2021, the Arbitrator issued a Subpoena for Testimony and Documents to Schack (the "Subpoena") pursuant to 9 U.S.C. § 7, thereby compelling Schack's attendance to testify and produce records before the Arbitrator at the hearing presently set for July 13, 2021.

12. A true and correct copy of the Subpoena and the proof of service for same are attached hereto as **Exhibit A**.

13. Petitioners properly served the Subpoena upon Respondent in compliance with Rule 45 of the Federal Rules of Civil Procedure.

14. Respondent, through counsel, made clear he will not comply with the Subpoena's demands.

15. Specifically, by letter dated July 1, 2021, a true and correct copy of which is attached hereto as **Exhibit B** (the "Schack Letter"), Schack, through counsel, asserted that he would not comply with the Subpoena. In the Schack Letter, Respondent's counsel advised that Schack intends to "move to quash" the Subpoena. To date, no such motion has been filed. On July 6, 2021, at 5:20 pm ET, the undersigned inquired with Respondent's counsel if such a motion was forthcoming but, as of the filing of this Petition, counsel has not provided any further explanation for Respondent's intentions.

16. Respondent further advised in the Letter that he "intends to invoke his Fifth Amendment right against self-incrimination" in the event he is compelled to testify and that he will rely on the invocation of his rights to also avoid producing documents. (Ex. B.) Even if Schack's invocation would preclude him from having to testify at an arbitration proceeding, his counsel provides no basis for why he would be entitled to "act of production" immunity to protect him from having to produce relevant and responsive documents to aid Petitioners in the pending Arbitration.

17. The Subpoena is neither irrelevant nor unduly burdensome but rather is narrowly tailored and seeks information relevant to the Arbitration proceedings that is necessary for Petitioners to fully present their claims and defenses to the Arbitrator.

**COUNT ONE**
**(Compel the Attendance of Respondent under the Federal Arbitration Act)**

18. Petitioners repeat and reallege paragraphs 1 through 17 above, as if fully set forth within.

19. Respondent was validly served with an arbitral subpoena compelling his attendance at a hearing before the Arbitrator sitting in this district to testify at the Arbitration and produce responsive documents at the Arbitration.

20. Respondent has expressly and finally advised that he will not comply with the Subpoena.

21. By reason of the foregoing, this Court properly should issue an order compelling Respondent's compliance with the Subpoena attached hereto as Exhibit A.

**WHEREFORE**, Petitioners respectfully request that this Court:

1. Issue an order pursuant to 9 U.S.C. § 7 compelling compliance with the arbitration subpoena served upon Respondent, Barton L. Schack, attached hereto as **Exhibit A**.

2. Award Petitioners all other and such further relief as this Court deems just and proper.

Dated: July 7, 2021                             Respectfully submitted,

*/s/ David A. Toner*
David A. Toner
david.toner@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

Christopher G. Oprison (*pro hac vice* application forthcoming)
Ardith Bronson (*pro hac vice* application forthcoming)
Christopher A. Ajizian (*pro hac vice* application forthcoming)
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Tel. (305) 423-8522
Fax. (305) 675-6366
chris.oprison@dlapiper.com
ardith.bronson@dlapiper.com
chris.ajizian@dlapiper.com

*Counsel for Petitioners John Hajjar, M.D., Sovereign Medical Services, Inc., and Sovereign Capital Holdings, LLC*