# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| SHANGHAI FOSUN PHARMACEUTICAL GROUP CO., LTD., <br><br>Claimant, <br><br>v. <br><br>DR. JOHN HAJJAR, M.D., SOVEREIGN MEDICAL SERVICES, INC., and SOVEREIGN CAPITAL HOLDINGS, LLC, <br><br>Respondents. <br><br>DR. JOHN HAJJAR, M.D., SOVEREIGN MEDICAL SERVICES, INC., and SOVEREIGN CAPITAL HOLDINGS, LLC, <br><br>Counter-Claimants, <br><br>v. <br><br>SHANGHAI FOSUN PHARMACEUTICAL GROUP CO., LTD., <br><br>Counter-Respondent | Case No. 01-19-0000-6514 |

### SUBPOENA FOR TESTIMONY AND DOCUMENTS

To:  Barton L. Schack
     7 Dawn Lane
     Ringwood, NJ 07456

**YOU ARE HEREBY COMMANDED**, all business and excuses being laid aside, to appear in the above-captioned proceeding at the offices of the American Arbitration Association, 120 Broadway, Floor 21, New York, New York 10271, or by videoconference, on July 13, 2021, commencing at 10 a.m., and continuing day to day thereafter, to testify and give evidence at the hearing before Arbitrator, the Honorable Garrett Brown; and

**YOU ARE FURTHER COMMANDED** to produce at that time and place complete and accurate copies of all the Documents listed in Schedule A, annexed hereto, that are in Your possession, custody, or control.

Signed: _____
The Hon. Garrett Brown, Arbitrator

Date: June 15, 2021

2

Requested by:

**DLA PIPER LLP (US)**

David A. Toner
david.toner@dlapiper.com
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

AND

Christopher Oprison
chris.oprison@dlapiper.com
Ardith Bronson
ardith.bronson@dlapiper.com
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Tel. (305) 423-8522
Fax. (305) 675-6366

*Counsel for Counter-Claimants John Hajjar, M.D., Sovereign Medical Services, Inc., and Sovereign Capital Holdings, LLC*

Dated: June 15, 2021

## SCHEDULE A

## INSTRUCTIONS

1. Each Request contemplates production of those documents in their entirety, without deletion, redaction, abbreviation, or expurgation.

2. These Requests are ongoing, and all subsequent requests for the production of documents should be construed to include any additional documents responsive to these requests that are discovered after the date of production.

3. The singular form of any word should be interpreted as either the singular or the plural, whichever is appropriate to bring within the scope of these Requests any information or documents which might otherwise be considered to be beyond their scope.

4. You must produce any responsive documents that are not only in Your possession, but within your custody or control.  To the extent that no single document exists or is in Your possession, custody or control that contains all of the information sought in any particular Request herein, you should provide such other documents in Your possession, custody or control that are sufficient to show or compile all of the information requested in such Request, or as much thereof as is available.

5. Each paragraph herein should be construed independently and without reference to any other paragraph or subparagraph for purposes of limitation.

6. In the event that any portion of any document is redacted, such document should be clearly and prominently stamped "REDACTED" and such stamp should appear on every portion of the document where information has been redacted or otherwise removed.

7. If any Request cannot be fully complied with, it should be complied with to the fullest extent possible, and an explanation should be given as to why full compliance is not possible.

8. All documents requested herein should be produced in the same manner as they are kept in the usual and regular course of business.

9. If You withhold any document covered by these Requests, you should identify each such document and state the following information with respect to each such document:

    a. The legal and factual basis for withholding the document;

    b. The date of the document;

    c. The names of the document's authors or preparers, and the employment and title of each such person;

    d. The present location of the document and the name of each person who has sent, been furnished with, received, viewed or has had custody of the document or a copy thereof; and

    e. A description of the subject of this First Request for the Production of Documents to which the document responds.

10. If any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, submit in lieu of each such document a written statement which:

    a. Describe the subject matter of the document and any attachments or appendices, and the number of pages;

    b. Identifies the person or persons who prepared or authorized the document, and, if applicable, the person or persons to whom the document was sent;

    c. Specifies the date on which the document was prepared or transmitted; and

    d. Specifies the date on which the document was lost, destroyed or otherwise disposed of, the reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

11. Any document produced in response to the Requests herein that are in any language other than English must be translated to English accordingly prior to its production.

12. Unless otherwise stated, each document request seeks information from January 1, 2015 to the present, the "Relevant Period" as defined below.

13. The Requests herein are without prejudice to Respondents' ability to propound and engage in supplemental discovery.

**DEFINITIONS**

1. "Any" shall mean any and all.

2. "Board" shall mean the Board of Directors of SMS inclusive of the Fosun Board Members.

3. "Communication" shall mean any writing or any oral conversation of any kind or character, including without limitation, emails and text messages, as well as personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents related in any way to such writing or such oral conversation.

4. "Counterclaims" shall mean the Counterclaims Counts I through VIII individually and collectively, set forth in Respondents' Answering Statement, Affirmative Defenses and Counterclaims served October 25, 2019.

5. "Counter-Claimants" shall include Sovereign Capital, Sovereign Medical and Hajjar, the Respondents/Counterclaimants in the above-captioned action.

6. "Counter-Respondent" shall mean Fosun and all Representatives thereof, as those terms are defined herein.

7. "Demand" shall mean the Fosun's Demand for Arbitration served on or about February 19, 2019.

8. "Document" or "documents" shall mean, without limitation, the original and all copies, prior drafts, and translations of any information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of

origin or location, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes lists, calendar and diary entries, letters (sent or received), e-mails, text messages, telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature.

9. "Fosun" or "Claimant" shall mean Shanghai Fosun Pharmaceutical (Group) Co., Ltd., the Claimant/Counter-Respondent in the above-captioned matter, and includes all Representatives and Fosun Board Members, as defined herein.

10. "Fosun Board Members" shall mean the two Board Members appointed by Fosun to serve on the Board, as defined herein.

11. "Hajjar" or "Dr. Hajjar" shall mean John Hajjar, MD, a Respondent/Counter-Claimant in the above-captioned matter.

12. "Identify" means describe in detail and when used in reference to:

    a.    <u>a document</u>, to state separately (i) its description (e.g. letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author, signer, addressee and recipient, (v) its present location and the identity of its custodian, and (vi) if any such document is no longer in

        Your possession or subject to Your control, to state what disposition was made of it and the date of disposition;

    b.    <u>an oral statement, communication, conference or conversation</u>, to state separately (i) its substance and whether it was by telephone or in person; (ii) its date and the place where it occurred or in the case of a telephone communication, state the location of each party to the conversation, (iii) the identity of each person participating in the communication or conversation, (iv) the identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement, (v) whether any recording of the communication exists or existed, and (vi) if such recording once existed but no longer exists, state the date on which it was destroyed and the name and address of the person(s) who destroyed it;

    c.    <u>a natural person or persons</u>, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present, or last known, residential address, and (iii) the employer of the person at the time the interrogatory answer is directed and said person's title or position at that time;

    d.    <u>an organization or entity other than a natural person (e.g., a company, corporation, firm, association, or partnership)</u>, to state separately (i) the full name and type of organization or entity, (ii) the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted;

    e.    <u>an act, occurrence, transaction, decision, statement or communication</u>, to state separately (i) whether the act, occurrence, transaction, decision, statement or communication was written or oral, (ii) if written, to set forth to the fullest extent possible: the document or documents in which it was or is contained; the names and addresses of all individuals who received it and all individuals from whom it was received, if any; and describe the subject matter, and (iii) if oral, to set forth all details as enumerated at 10(b) above.

13.    "Investor Rights Agreement" or "IRA" shall mean the agreement by and between Fosun, on the one hand, and Respondents/Counter-Claimants, on the other hand, dated as of March 10, 2015.

14.    "Person" shall mean natural persons, firms, proprietorships, associations, partnerships, corporations, associations, organizations, and every other type of organization or entity, including, but not limited to, any governmental entity or department, agency, business, or political subdivision thereof.

15. "Relate," "relating to" or "related to" shall mean concerning, consisting of, referring to, reflecting, evidencing, indicating, constituting or having a logical or factual connection with the matter discussed.

16. "Relevant Period" shall mean January 1, 2015 to the present.

17. "Representative" or "Representatives" used with reference to a person shall mean (a) any current or former officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel or any agent of such persons, and (b) any other persons acting on behalf of, or in concert with, such persons, including, without limitation, insurance brokers or agents, auditors, accountants, actuaries, and consultants of any type.

18. "Respondents" shall include Sovereign Capital, Sovereign Medical, and Hajjar, the Respondents/Counterclaimants in the above-captioned action.

19. "SKC" shall mean SKC & Company CPAs, LLC, a/k/a SKC Accounting, LLC, and any officer, director, managing director, member or other representative acting or purporting to act on its behalf including, without limitation, William Kawam, CPA.

20. "Sovereign Capital" or "SCH" shall mean Sovereign Capital Holdings, LLC, a Respondent/Counter-Claimant in the above-captioned matter.

21. "Sovereign Medical" or "SMS" shall mean Sovereign Medical Services, Inc., a Respondent/Counter-Claimant in the above-captioned matter.

22. "Stock Purchase Agreement" or "SPA" shall mean the agreement by and between Fosun, on the one hand, and Respondents/Counter-Claimants, on the other hand, dated as of March 10, 2015.

23. "You," "Your" and "Yourself" shall refer to Barton L. Schack and includes all Representatives as defined herein.

**DOCUMENT REQUESTS**

1. All documents, including communications, written notes or memos, working papers or financial information or data, that reflect, refer, or relate in any way to Dr. Hajjar, Sovereign Medical, Regent, or any other entity owned by, controlled by, or affiliated with Dr. Hajjar or Sovereign Medical;

2. All documents, including communications, written notes or memos, working papers or financial information or data that reflect, refer, or relate in any way to Your involvement with or participating in the operations of any entity owned, controlled by, or affiliated with Dr. Hajjar or Sovereign Medical;

3. All documents, including communications, written notes or memos, working papers or financial information or data, that reflect, refer, or relate in any way to the Stock Purchase Agreement, Investor Rights Agreement, the "Put Option" set forth therein, Fosun, Fosun Board Members, EBITDA, Target EBITDA, or Consolidated Adjusted EBITDA as defined and/or discussed in the Stock Purchase Agreement or Investor Rights Agreement; and

4. All documents, including communications, written notes or memos, working papers or financial information or data, that you provided to or received from SKC, including but not limited to SKC partner William Kawam, CPA, that reflect, refer, or relate in any way to Dr. Hajjar, Sovereign Medical, Regent or any other entity owned by, controlled by, or affiliated with Dr. Hajjar or Sovereign Medical.

Dated: June 15, 2021
New York, New York

        */s/ David A. Toner*
        David A. Toner
        david.toner@dlapiper.com
        **DLA PIPER LLP (US)**
        1251 Avenue of the Americas
        New York, NY 10020
        Tel.: (212) 335-4500
        Fax: (212) 335-4501

        AND

        Christopher Oprison
        chris.oprison@dlapiper.com
        Ardith Bronson
        ardith.bronson@dlapiper.com
        **DLA PIPER LLP (US)**
        200 South Biscayne Boulevard
        Suite 2500
        Miami, FL 33131-5341
        Tel. (305) 423-8522
        Fax. (305) 675-6366

        *Counsel for Counter-Claimants John Hajjar, M.D., Sovereign Medical Services, Inc., and Sovereign Capital Holdings, LLC*

**AMERICAN ARBITRATION ASSOCIATION**                                        Job #: 1452376

**Attorney:** DLA Piper US LLP - New York, NY
**Address:** 1251 Avenue Of The Americas New York, NY 10020

| | |
|---|---|
| SHANGHAI FOSUN PHARMACEUTICAL GROUP CO., LTD., Claimant, v. DR. JOHN HAJJAR, M.D., et al., Respondents. | **Case Number:** 01-19-0000-6514 |
| DR. JOHN HAJJAR, M.D., et al., Counter-Claimants, v. SHANGHAI FOSUN PHARMACEUTICAL GROUP CO., LTD., Counter-Respondent. | |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:            **AFFIDAVIT OF SERVICE**

**Manny Bayo**, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New Jersey.

On 06/16/2021, at 7:50 PM at: **7 DAWN LANE, RINGWOOD, NJ 07456** Deponent served the within **Subpoena for Testimony and Documents With Schedule A and a $40.00 Fee.**

On: **BARTON L. SCHACK**, therein named.

Said documents were conformed with index number endorsed thereon.

☒ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 DESCRIPTION**
**Sex:** Male    **Color of skin:** White    **Color of hair:** Gray    **Glasses:** No
**Age:** 51 - 65 Yrs.    **Height:** 5ft 9inch - 6ft 0inch    **Weight:** 161-200 Lbs.    **Other Features:**

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether subject was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☒ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of $40.00.

☐ **#5 OTHER**

Sworn to before me on 6/21/21

LARRY RADLER
Notary Public, State of New York
Registration No. 01RA6361956
Qualified in Nassau County
Commission Expires 07/24/2021

Manny Bayo

*Court Support, Inc., 181 Hillside Avenue, Williston Park, NY 11596 License #1382542*